**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| **K.K. THROUGH HEATHER KINSINGER AND DAVID KINSINGER, AND HEATHER AND DAVID KINSINGER,**<br>**Plaintiffs,**<br>**v.**<br>**FAYETTE COUNTY SCHOOL DIST., JONATHAN PATTERSON, ROSALIND GWIN AND ERINN ANGELO,**<br>**Defendants** | **CIVIL ACTION FILE**<br>**No.: 3:22-cv-00040-TCB**<br><br>**Jury Demand** |

**JOINT BRIEF IN SUPPORT OF JOINT CONSENT MOTION FOR THE COURT TO APPROVE THE SETTLEMENT OF AN ACTION CONTAINING CLAIMS OF A MINOR**

## I. INTRODUCTION

The parties Plaintiffs David Kinsinger, Heather Kinsinger and K.K., their minor child through her parents as next friends, and Defendants Fayette County School District, Jonathan Patterson, Rosalind Gwin and Erinn Angelo, have reached a full and complete settlement as to all claims. O.C.G.A. § 29-3-3 (2022) provides for approval of the trial court in which "the legal action is pending" if a claim has been filed in the event "net settlement" payable to the child is $25,000.00 or less. This is through motion to the trial court. The resolution of this case with multiple party plaintiffs, has a lump sum settlement including fees and costs, damages to the

parent plaintiffs, claims as to the costs of private school, with allocations of such funds to the harm claimed by all Plaintiffs. In order to ensure that the resolution and its release and dismissal are binding and final, the parties, each individually and separately, approve and agree to the Settlement and jointly move as to the minor child's pled claim, for the approval and order of the Court.

## I. DISCUSSION

A. Summary of Case

This is a civil rights case brought by parents and child for claims of retaliation and harassment, and state law claims of defamation as against the Plaintiff parents for actions alleged under the American's with Disabilities Act (ADA) and under the First Amendment pursuant to 42 U.S.C. § 1983. See e.g., 42 U.S.C. § 12132, 12203(a); Shotz v. City of Plantation, Fla., 344 F.3d 1161 (11th Cir. 2003)(ADA retaliation); O.C.G.A. § 51-5-4(a). The retaliation pled was primarily against the parents for advocating rights of K.K. and for other children and their parents on disability related issues and needs. The Defendants are the District, Superintendent, special education director and principal of Braelinn E.S. The Defendants disputed the allegations.

At the time of many of the alleged events, K.K. was a student at Braelinn E.S., in the 5th grade, prior to her removal from FCSD into private school by her parents. The Complaint raises multiple disputes and alleges harm and defamation *per se*

and through a criminal allegation of fraud and forgery filed against Mr. and Mrs. Kinsinger, which was dismissed. The substantial claims of damages and harm are as alleged by the parents.

B. Status of Litigation

After filing of the complaint and answer, the discovery was extensive and contested. After one Order and with other disputes and further discovery pending, the parties conducted mediation, with the Court permitting a stay of the case during mediation. The mediation was through a respected impartial mediator and all discussions and negotiations were at arms-length and an agreement was reached after mediation as the parties continued to negotiate.

The Settlement Agreement and Release filed as Exhibit 1 have been approved as a compromise agreement reflecting the potential for costs, fees, and recovery on all claims and as to all parties. The gross amounts may fall within the criteria found in O.C.G.A. § 29-3-3 for court approval. The Parties do not believe that a reasonable allocation of damages would provide for a damage recovery on behalf of K.K. in excess of $25,000.00, but Defendants seek Court approval of the Settlement Agreement under O.C.G.A. § 29-3-3 (2022) out of an abundance of caution.

C. Settlement Agreement

The total gross amount on all claims and the costs and fees of litigation is Three Hundred Thirty Two Thousand ($332,000.00) Dollars. The accrued costs and attorney fees as permitted under the two federal claims is currently near $100,000.00 but reduced to allow resolution. The core damages which would be presented at trial would be the emotional harm to the parents induced by the alleged retaliation and the parental costs of removing their three (3) children including K.K. from Fayette County public school while the allegations were pending against the parents and providing for alternative private school. Under *Sch. Com. of Town of Burlington v. Com. of Mass.*, 471 U.S. 359 (1985) children have a right to adjudicate the costs of private school placement and under *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007) this provides that as this is the cost to the parent, that the parent receive the payment or reimbursement for the costs of schooling paid or planned by the parents.

The agreement also provides for a letter to the parents from the Defendant concerning regret that the criminal investigation caused Plaintiffs distress. It provides for a compromise of claims, release and settlement. The Plaintiff Parents provide and the parties agree that a reasonable allocation of the settlement funds as to the minor K.K. is less than $20,000.00, notwithstanding that other settlement funds are necessary to reimburse the costs of private school for her and her brother and sister for 2021-2022, 2022-23 and subsequent years. Within the lump sum

payment received Plaintiffs identify that in addition to fees and costs, that they will allocate $20,000.00 for payment into a school account for K.K., reimburse the $101,800.00 in incurred private school costs for their children to date, with K.K.'s tuition and support costs at approximately $20,500.00 yearly, without transportation, and additional costs of private therapy, speech and language services, tutoring and will continue to provide such educational services for K.K. as they deem appropriate.

The Agreement further would compromise and release all damages to the parents including the costs of counsel during the dismissed criminal investigation caused by the allegations of defendants, private therapies for K.K., private tutoring and evaluations, punitive damage claims and special damages of defamation.

D. Approval Sought

The case is contested and the outcome uncertain. The Parties believe it is prudent to resolve the dispute, and that the resolution is appropriate and as to K.K. and her claims, the allocation is reasonable, and that a settlement of these claims is in her best interests, and the interests of all parties. O.C.G.A § 29-3-3 provides for Court approval of such a settlement as presented and for it to be binding on all parties including the minor. O.C.G.A. § 29-3-3(g). It may be allowed upon terms or conditions set by the trial court. Id.

The Parties seek the Court lift the stay and further order:

1. That the settlement is reasonable in light of the claims, costs, fees, potential future costs, and risks of litigation;
2. That payment to and for the Zimring Law Firm for costs, expenses and attorney fees may be made;
3. That the separate allocation of $20,000.00 to K.K. to be paid to an educational fund for K.K. is reasonable;
4. That other proceeds may be allocated to reimbursement for payment for schools, therapies and evaluations to the parents, and to the damages the parents shall receive;
5. That such funds may be paid to the Zimring Law Firm trust account on behalf of David Kinsinger and Heather Kinsinger, individually and as next friends for K.K. and thereafter distributed as directed by Plaintiffs;
6. That with the entry of said Order, that the matter is resolved, settled and binding on the parties, and the Plaintiffs may file a Stipulation of Dismissal with Prejudice, with the Clerk closing the case.

A proposed order is filed with this motion and brief.

This the 19th day of January, 2023. Respectfully submitted by:

| | |
|---|---|
| ***s/Jonathan A. Zimring***<br>Jonathan A. Zimring<br>Georgia Bar No. 785250<br>Zimring Law Firm<br>1425A Dutch Valley Place<br>Atlanta, Georgia 30324 | */s/ Hieu M. Nguyen*<br>Hieu M. Nguyen<br>Georgia Bar No. 382526<br>HARBEN, HARTLEY & HAWKINS, LLP<br>340 Jesse Jewell Parkway, Suite 750<br>Gainesville, Georgia 30501 |

| | |
|---|---|
| (404)607-1600 (ext 7001)<br>Zimring@zlawyers.com<br>*ATTORNEYS FOR PLAINTIFFS* | Telephone: (770) 534-7341<br>Facsimile: (770) 532-0399<br>Email: hnguyen@hhhlawyers.com<br>*ATTORNEYS FOR DEFENDANTS* |


**CERTIFICATE OF COMPLIANCE**

COMES NOW Jonathan A. Zimring, counsel of record for Plaintiffs and staes that this pleading is presented in Times New Roman, font 14, and complies with the rules of the Court.

*By: Jonathan A. Zimring*
Georgia Bar No. 785250

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served via email prior to filing the same and then through filing through the CM/ECF upon counsel for defendant.

Hieu M. Nguyen, ESQ.,

HARBEN, HARTLEY, & HAWKINS, LLP

Gainesville, Georgia 30501

DATED: This the 19th day of January 2023.

Respectfully submitted,
***s/Jonathan A. Zimring***
Jonathan A. Zimring
Georgia Bar No. 785250


Zimring Law Firm
1425A Dutch Valley Place
Atlanta, Georgia 30324
(404)607-1600 (ext 7001)
Zimring@zlawyers.com
*Attorneys for Plaintiff*